**LA METTRIE et al. v. JAMES et al.**

**KEANE v. SAME.**

(Court of Appeals of District of Columbia. Submitted Feb. 5, 1925. Decided March 2, 1925.)

Nos. 4137, 4138.

1. War ⊖12—Creditors of enemy alien held not entitled to recover amount of claims from Alien Property Custodian.

Where claims against enemy alien, whose property had been seized by Alien Property Custodian, arose out of settlement of estate of which such alien was executrix, and where the property seized consisted principally of income from voluntary trust created by such alien with her own moneys, held, under Trading with the Enemy Act, § 9, subsecs. (a), (e), as amended by Act June 5, 1920 (Comp. St. Ann. Supp. 1923, § 3115½e), creditors were not entitled to recover the amount of their claims from the Alien Property Custodian; such claims not having arisen with reference to the property seized.

2. War ⊖12—Receiver of enemy alien held properly denied right to intervene in creditors' suit against Alien Property Custodian.

Where, more than two years after creditors' institution of suit against Alien Property Custodian to recover amount of claims against alien whose property had been seized, a receiver was appointed over all property and effects of such alien, held, under Trading with the Enemy Act, § 9, subsec. (f), as amended by Act June 5, 1920 (Comp. St. Ann. Supp. 1923, § 3115½e), declaring property held by Custodian not liable

to lien, attachment, garnishment, trustee process, etc., receiver was properly denied right to intervene in creditors' suit.

Appeals from Supreme Court of District of Columbia.

Suit by Pauline Andre de La Mettrie and another against Elizabeth Pratt de Gasquet James, Thomas W. Miller, as Alien Property Custodian, and Frank White, as Treasurer of the United States, wherein David Keane, receiver, filed petition for leave to intervene. From an adverse judgment and ruling on motion for leave to intervene, plaintiffs and receiver appeal. Affirmed.

G. H. Johnson, of Washington, D. C., and J. N. Hayes, of New York City, for appellants.

D. H. Stanley, W. J. Neale, Peyton Gordon, and Frank Davis, Jr., all of Washington, D. C., and Frederick Geller, of New York City, for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellants, Pauline Andre de La Mettrie and George de Gasquet James, as plaintiffs, brought suit in the lower court against the Alien Property Custodian, under section 9 of the Trading with the Enemy Act, as amended June 5, 1920 (Comp. St. Ann. Supp. 1923, § 3115½e), to enforce the collection of certain claims against the appellee Elizabeth Pratt de Gasquet James, from the property of the appellee then held by the Custodian. An issue was made, and a decree was entered against the plaintiffs, from which they have appealed.

The plaintiffs were citizens and residents of France. On March 21, 1915, they severally recovered judgments against the appellee Mrs. James in the Surrogate's Court of Ulster County, N. Y., in the sum of $69,754.85 each, and these yet remain wholly unpaid. On November 5, 1918, the Custodian determined that Mrs. James was an alien enemy under the Trading with the Enemy Act, and accordingly seized certain funds then held to her credit by the Farmers' Loan & Trust Company of New York. On April 22, 1920, the plaintiffs filed their notices with the Custodian, followed by their applications on May 29, 1920, for the allowance of their respective claims payable from said funds. These were disallowed by the Custodian, whereupon, on May 30, 1921, the plaintiffs brought this suit.

[1] The suit was brought under the provisions of section 9 of the act, as amended June 5, 1920 (41 Stat. 977). Subsection (a) of that enactment provides that any person not an enemy or ally of enemy to whom any debt may be owing from an enemy or ally of enemy, whose property or any part thereof shall have been seized by the Alien Property Custodian under the act and held by him or by the Treasurer of the United States, may institute a suit in equity in the Supreme Court of the District of Columbia to establish the debt so claimed, and, if so established, the court shall order the payment to the claimant of the money or other property so held by the Custodian or the Treasurer of the United States.

Subsection (e) of section 9 provides that no money or other property shall be returned or any debt allowed under this section to any person who is a citizen or subject of any nation which was associated with the United States in the prosecution of the war, unless such nation in like case extends reciprocal rights to citizens of the United States; nor in any event shall a debt be allowed under this section unless it was owing to and owned by the claimant prior to October 6, 1917, and as to claimants other than citizens of the United States unless it arose with reference to the money or other property held by the Custodian or Treasurer of the United States thereunder.

This court has held that subsection (e) is a limitation upon the general provisions of section 9. Banco Mexicano v. Deutsche Bank et al., 53 App. D. C. 266, 289 F. 924, affirmed 263 U. S. 591, 44 S. Ct. 209, 68 L. Ed. 465. In view of this ruling, we consider the present case to be governed by the provision of that subsection to the effect that no debt shall be allowed under section 9 to claimants other than citizens of the United States, unless it arose with reference to the money or other property held by the Custodian. It appears without dispute that the present claimants are not citizens of the United States, and a bare statement of the admitted facts in the case is sufficient to demonstrate that the debt or claim in suit did not arise with reference to the property held by the Custodian.

First, as to the debts or claims: It appears that Amédee de Gasquet James, the former husband of the appellee Mrs. James, and the father of the plaintiffs, died on July 28, 1903, in France, leaving property both in Europe and in the United States, and that the appellee became an executrix of his estate; that afterwards a proceeding for a settlement of her accounts as such executrix

was begun in the Surrogate's Court of Ulster County, N. Y., and on March 21, 1915, the court entered certain judgments against the appellee and in favor of the appellants, each in the sum of $69,754.85, as and for the amounts found due them as distributees of the estate. These judgments were affirmed in the reduced sum of $65,133.25 each, and are the claims now sued upon in this case. It may be repeated that the judgments arose solely out of the settlement of the estate of the deceased husband of the appellee, and upon her accounts as executrix of the estate. See Matter of James, 172 App. Div. 800, 159 N. Y. S. 140; Id., 221 N. Y. 242, 116 N. E. 1010.

Next, as to the property in the hands of the Custodian: It appears that in the year 1887 (16 years before the death of her husband), the appellee Mrs. James entered into a trust agreement with the Farmers' Loan & Trust Company of New York, whereby she paid over to that company the sum of about $135,000 in trust, reserving to herself an estate for life in the proceeds thereof, with remainder over to her four children. This was a voluntary trust, created out of her own separate property. The property now held by the Custodian, which the appellants seek to reach, consists of interest payable to the appellee by the Farmers' Loan & Trust Company, arising as proceeds from the said trust fund. These proceeds (not the principal of the fund), together with certain bonds appraised at $590, were seized and are now held by the Custodian, and have no relation whatever with the estate of the appellee's deceased husband, out of which the judgment claims of the appellants arose. These facts effectually negative the claims of the appellants in this case.

[2] It appears that on June 18, 1923, about two years after this suit was begun in the lower court, an order was entered by the Supreme Court of the state of New York in supplementary proceedings, appointing one David Keane as receiver of all the property, debts, equitable interests, and things in action, effects, and estate, real and personal, of the appellee Mrs. James, and that the receiver afterwards filed a motion for leave to intervene and file a petition in the case. A motion to the same effect was made by the appellants. The motions were denied by the lower court, and the receiver has appealed from that order. This ruling was correct, since the property now in question was already held by the Custodian under the Trading with the Enemy Act, and subsection (f)

6 F.(2d)—31

of section 9 of the act provides that property so held shall not be liable to lien, attachment, garnishment, trustee process, or execution, or subject to any order or decree of any court.

Other questions have been raised and argued by counsel upon the record, but they need not be considered now, since the considerations above stated are absolutely conclusive of the case.

The decrees of the lower court are affirmed, with costs.

Petition for appeal to the Supreme Court of the United States granted March 21, 1925.