**DE LA METTRIE ET AL. v. DE GASQUET JAMES ET AL.**

**KEANE, RECEIVER, v. DE GASQUET JAMES ET AL.**

APPEALS FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

Nos. 54, 55. Argued December 6, 1926.—Decided January 3, 1927.

1. Under § 9–e of the Trading with the Enemy Act, a debt to one who is not a citizen of the United States can not be allowed unless it " arose with reference to money or property " held by the Alien Property Custodian or the Treasurer of the United States. P. 732.

2. The debts in this case,—consisting of judgments against a person whose interest in a fund was seized by the Custodian—did not so arise. *Id.*

3. A receiver appointed by a New York Court in proceedings supplementary to execution, to collect the judgments, was in no better position than the judgment creditors. Trading with the Enemy Act, § 9–f. P. 733.

55 App. D. C. 354; 6 F. (2d) 479, affirmed.

APPEALS from decrees of the Court of Appeals of the District of Columbia which sustained the Supreme Court of the District in refusing to permit Keane, receiver, to intervene in a suit under the Trading with the Enemy Act, and in dismissing the suit after hearing. The plaintiffs, Pauline André de la Mettrie and George Pratt de Gasquet James, in 1915, had recovered judgments against the defendant Elizabeth Pratt de Gasquet James, in the settlement of her accounts as executrix of her husband's

will, in a surrogate's court in New York; and sought by
this suit to reach, and apply to the judgments, the interest
of the defendant James in a voluntary trust created by
herself in 1887, before her husband's death, and which
had been taken over by the Alien Property Custodian..
The other appellant, Keane, had been appointed receiver
of the property of the defendant James, in proceedings in
New York supplementary to the judgment.

Mr. J. Noble Hayes, with whom Mr. Guy H. Johnson
was on the brief, for the appellants.

Mr. Mansfield Ferry, with whom Messrs. Frank Davis,.
Jr., S. M. Stellwagen, William J. Neale, and Victor Hugo ·
Duras were on the brief, for the appellee James.

Solicitor General Mitchell for Sutherland, Alien Prop--
erty Custodian, submitted. Assistant Attorney General.
Letts and Mr. Dean Hill Stanley, Special Assistants to
the Attorney General, were also on the brief.

MR. JUSTICE McREYNOLDS delivered the opinion of the
Court.

The challenged decrees were entered March 2, 1925,
6 Fed. (2d) 479. Both causes had been heard upon a.
single record.

In No. 54, appellants, citizens of France, sought to re-
cover from the Alien Property Custodian certain funds
seized by him November 5, 1918, as the property of an
alien enemy. They relied upon § 9, Trading with the
Enemy Act, as amended June 5, 1920, c. 241, 41 Stat. 977.
The court below held that the claim did not arise with
reference to money or property held by the Custodian
or by the Treasurer of the United States and affirmed the
decree of the trial court which dismissed the bill. Banco
Mexicano v. Deutsche Bank, 263 U. S. 591. Considering
the facts disclosed and the definite terms of the statute,.
this action was clearly right. Subsection (e) of § 9·
provides—

" No money or other property shall be returned nor any debt allowed under this section to any person who is a citizen or subject of any nation which was associated with the United States in the prosecution of the war, unless such nation in like case extends reciprocal rights to citizens of the United States; nor in any event shall a debt be allowed under this section unless it was owing to and owned by the claimant prior to October 6, 1917, and as to claimants other than citizens of the United States unless it arose with reference to the money or other property held by the Alien Property Custodian or Treasurer of the United States hereunder."

No. 55 is a separate appeal by a receiver. The appellants in No. 54 instituted in the Supreme Court, New York County, supplemental proceedings for the purpose of enforcing judgments which they held against Mrs. James and on June 18, 1923, that court appointed David Keane receiver of all the debtor's property. Thereafter he asked to be made party to cause No. 54, claiming that by reason of such appointment he had an interest in the fund held by the Custodian. The trial court denied this application and upon appeal the court below affirmed that action. The claim is without merit. Subsection (f) of § 9, Trading with the Enemy Act, provides: " Except as herein provided, the money or other property conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian, shall not be liable to lien, attachment, garnishment, trustee process, or execution, or subject to any order or decree of any court." The appointment of the receiver gave him no better position than the one occupied by the judgment creditors—the New York court had no jurisdiction over funds held by the Custodian.

The decrees below are

*Affirmed.*

In No. 55 Mr. Justice Brandeis, Mr. Justice Sanford and Mr. Justice Stone concur in the result.