**BERGER v. RUOFF et al.**

**No. 11009.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 20, 1951.

Decided March 13, 1952.
Writ of Certiorari Denied May 12, 1952.
See 72 S.Ct. 1041.

Raoul Berger, pro se.

Harold Ungar, Washington, D. C., Attorney, Department of Justice, of the Bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Harold I. Baynton, Asst. Atty. Gen., and George B. Searls, Attorney, Department of Justice, Washington, D. C., were on the brief, for appellee McGrath.

John W. Pehle, Lawrence S. Lesser, and James H. Mann, all of Washington, D. C., entered appearances on behalf of appellee Ruoff.

Before EDGERTON, CLARK, and FAHY, Circuit Judges.

PER CURIAM.

In order to protect his alleged lien, in consequence of his legal services, on a former client's claim against the government, the appellant asserts a right to intervene under Fed.Rules Civ.Proc. rule 24(a), 28 U.S.C.A. in the former client's suit under § 9(a) of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 9(a), for the return of vested property. In effect the District Court denied leave to intervene.

The alleged lien, if any, arose after the property vested. Section 9(f) of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 9(f), provides that, with irrelevant exceptions, "the money or other property conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian, shall not be liable to lien, attachment, garnishment, trustee process, or execution, or subject to any order or decree of any court." We think the alleged lien invalid for this reason. Cf. La Mettrie v. James, 55 App.D.C. 354, 6 F.2d 479, aff'd, De La Mettrie v. James, 272 U.S. 731, 47 S.Ct. 264, 71 L.Ed. 496. We need not consider whether it is invalid for other reasons.

Affirmed.