UEBERSEE FINANZ–KORPORATION, A. G., LIESTAL, SWITZERLAND et al.

v.

BROWNELL, Atty. Gen. et al.

Civ. No. 26453.

United States District Court
District of Columbia.

Nov. 18, 1953.

Thurman Arnold and Arnold, Fortas & Porter, Walter E. Gallagher, Washington, D. C., Edward J. Ennis, New York City, for plaintiff and interveners.

Dallas S. Townsend, Asst. Atty. Gen., James D. Hill, Walter T. Nolte, Myron C. Baum, Washington, D. C., for defendant.

Russell Hardy, Washington, D. C., John Harlan Amen and Amen, Gans, Weisman & Butler, New York City, for applicant for intervention.

LAWS, Chief Judge.

Pursuant to the opinion of the Supreme Court of the United States in Uebersee Finanz-Korporation, A. G. v. McGrath, 1952, 343 U.S. 205, 72 S.Ct. 618, 96 L.Ed. 888, Fritz von Opel brought suit under Section 9(a) of the Trading with the Enemy Act, 40 Stat. 411, as amended, 50 U.S.C.A.Appendix, § 9(a), to recover property vested by the Alien Property Custodian in 1942. His wife, Margot von Opel, now seeks to intervene of right under Rule 24(a) (2) and (a) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Her claim is made first, as a statutory receiver under New York law, thereby succeeding to Fritz von Opel's claim of right, title and interest in this action; and second, as

sequestrator under New York law with a lien on the cause of action.

On April 5, 1951, in an action for separation and maintenance, an order was entered in the Supreme Court of the State of New York appointing Margot von Opel receiver and sequestrator of the property of Fritz von Opel within the State of New York, including any " * * * claim, cause of action and/or credit * * * " which exist in his favor against the Alien Property Custodian in the suit before this Court. On May 14, 1951, a judgment of separation with provision for support was there decreed and, on September 24, 1953, it was found that Fritz von Opel was in default of payment of such support and Margot von Opel was there authorized to prosecute an action in this case.

Section 9(f) of the Trading with the Enemy Act, 40 Stat. 411, as amended, 50 U.S.C.A.Appendix, § 9(f), provides:

> "Except as herein provided, the money or other property conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian, shall not be liable to lien, attachment, garnishment, trustee process, or execution, or subject to any order or decree of any court."

It has been decided that under this provision of the Trading with the Enemy Act, the appointment of a receiver gives him no better position than that occupied by judgment creditors, that a state court has no jurisdiction over funds held by the Alien Property Custodian of the United States, and therefore a receiver may not intervene in a suit against the Custodian. De La Mettrie v. James, 1927, 272 U.S. 731, 47 S.Ct. 264, 71 L.Ed. 496.

The applicant for intervention argues that by virtue of her appointment as receiver she has succeeded to, and has a lien on, Fritz von Opel's claim of interest in the property, not the property itself. But one may not do indirectly what he may not do directly. The word "property" is broad enough to include the right, title and interest in tangibles as well as the tangibles themselves. In the case cited above, the applicant for intervention had been appointed receiver " * * * of all the property, debts, equitable interests, and *things in action*, effects, and estate, real and personal * * * ." La Mettrie v. James, 1925, 55 App.D.C. 354, 356, 6 F.2d 479, 481, (emphasis added), affirmed, De La Mettrie v. James, supra. Thus one may not intervene in a suit against the custodian whether as receiver of property or the claim of interest in the property.

The applicant for intervention makes the claim that she appears not as an ordinary receiver in chancery, a mere arm of the New York Court invested with no estate in the property and clothed with no power to exercise official duties in other jurisdictions, but as a statutory receiver, and so is a quasi assignee and representative, in substance a trustee, vested with authority to maintain an action and sue in a foreign jurisdiction. In support of this position are cited Broderick v. Rosner, 1935, 294 U.S. 629, 55 S.Ct. 589, 79 L.Ed. 1100, and Converse v. Hamilton, 1912, 224 U.S. 243, 32 S.Ct. 415, 56 L.Ed. 749. These cases hold that the full faith and credit clause, Article 4, Section 1, of the Constitution of the United States, U.S.C.A., requires a court of one state to recognize the right of a statutory receiver appointed in another state to bring an action to enforce an assessment against stockholders of a corporation. The basis of the decisions, as made clear in Broderick v. Rosner, supra, 294 U.S. at pages 643–644, 55 S.Ct. at page 593, 79 L.Ed. 1107–1108, is that the stockholders had assumed a statutory liability contractual in character by becoming members of the corporation of another state.

The suit with which the Court is now concerned is not one against stockholders in one jurisdiction brought by a receiver of a corporation in another jurisdiction, requiring the application of the full faith and credit clause. It is a suit against the United States, requiring that the application for intervention come within the terms of the

Government's consent to be sued. Cummings v. Deutsche Bank Und Discontogesellschaft, 1937, 300 U.S. 115, 57 S.Ct. 359, 81 L.Ed. 545; Banco Mexicano de Commercio e Industria v. Deutsche Bank, 1924, 263 U.S. 591, 44 S.Ct. 209, 68 L.Ed. 465; Pflueger v. United States, 1941, 73 App.D.C. 364, 121 F.2d 732, certiorari denied, 1941, 314 U.S. 617, 62 S. Ct. 98, 86 L.Ed. 497. The Court is of opinion that the Congress of the United States intended by Section 9(f) of the Trading with the Enemy Act, supra, to protect the Custodian against a multiplicity of parties and litigation of creditor, matrimonial, and other causes in a single suit to recover property vested by him. In De La Mettrie v. James, supra, the intervention was denied not for the reason that a receiver in equity has no title in property to maintain suit in another jurisdiction, but rather for the reason that a receiver of property acquired after vesting by the Custodian, cannot intervene in a suit for its recovery.

At oral argument, counsel for applicant stated no burden would be placed on the Custodian to engage in litigation arising out of a matrimonial cause, since applicant does not seek to participate in the trial, but only to stand by in the event of judgment for plaintiff intervener Fritz von Opel. This indicates that intervention is sought not by way of assignment of Fritz von Opel's cause of action by operation of New York law, but by way of seeking a lien on such property as may be obtained in this suit. Force is added to this position by applicant's specific claim of a lien upon Fritz von Opel's cause of action by her appointment as sequestrator with a judgment *quasi in rem*, relying upon Harris v. Balk, 1905, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023. Section 9(f) of the Trading with the Enemy Act specifically prohibits intervention based on a lien arising after the property has vested in the Custodian. Berger v. Ruoff, 1952, 90 U.S.App.D.C. 276, 195 F.2d 775, cert. den. sub nomine Berger v. McGrath, 343 U.S. 950, 72 S.Ct. 1041, 96 L.Ed. 1352.

There is another obstacle to the application for intervention in this case. The decision of Harris v. Balk, supra, was based upon the personal service of process against defendant, a non-resident who was temporarily within the state where process was issued. The moving papers in this application indicate that Fritz von Opel was not within the State of New York and could not be found therein at the time the order appointing a receiver and sequestrator was issued. It might be further noted that the decisions in Harris v. Balk, supra, Broderick v. Rosner, supra, and Converse v. Hamilton, supra, were based upon suits against defendants in their place of residence to recover on judgments decreed in another state. The inference appears plain that the New York decree must be reduced to judgment here, see Williams v. State of North Carolina, 1945, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, that appropriate service be made and Fritz von Opel be given an opportunity to defend in proceedings in this jurisdiction. The Director of the Office of Alien Property should not be required to be a party in this litigation.

In a prior application to intervene as parties plaintiff this Court permitted the Frima Trust Establishment of Vaduz, Liechtenstein, Hans Frankenberg, Eugen Meier and Adolf Gaeng to intervene as parties defendant to answer the complaint of Fritz von Opel and to assert any interest they may have as against Fritz von Opel, without prejudice to their rights to apply for leave to assert any other interest and without any determination by the Court at that time as to their rights to assert such other interest. The present motion before the Court is distinguishable in that the parties granted leave to intervene were legal owners of the property in litigation before vesting by the Custodian, and intervention was granted so that a determination of all of the rights in the property, bene-

ficial and legal, at the time of vesting might be made.

In the light of the considerations discussed the Court deems it unnecessary to consider other points raised in opposition to the motion for leave to intervene.

Applicant Margot von Opel's motion for leave to intervene will accordingly be denied.