## UNITED STATES v. SULLIVAN.
### No. 4819.

United States Court of Appeals
First Circuit.

June 21, 1954.

Elmer J. Kelsey, Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Hilbert P. Zarky, Sp. Assts. to Atty. Gen., Anthony Julian, U. S. Atty., and Arthur I. Weinberg, Asst. U. S. Atty., Boston, Mass., on brief), for appellant.

John J. Gartland, Boston, Mass. (Frederick W. Mansfield, Boston, Mass., on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment for the plaintiff in the sum of $18,134.10 with interest from June 9, 1952, entered in the United States District Court for the District of Massachusetts on Sep-

tember 18, 1953. On this appeal the plaintiff has adopted the defendant's statement of the case, which is substantially as follows.

The plaintiff sued to recover estate taxes alleged to have been erroneously and illegally assessed and collected from him as executor under the will of Josephine E. Cotter, who died on July 4, 1944. By Clause 28 of the will of the decedent bequests that were subsequently determined to amount to $62,500 were made to certain German nationals: August Jaeger, Fransiska Dehm, Caroline Hess and Josephine Stohr. Clause 29 of the will provided, however, that the shares of the German legatees should be distributed to the German Holy Trinity Catholic Church, Boston, Massachusetts, in the event that, after the expiration of one year from the probate of the will, the executor should be unable to distribute the legacies to the Germans because of (1) their prior death, (2) his inability to locate them after diligent search, or (3) any other reason beyond his control. By Vesting Order No. 5350, issued on November 20, 1945, by the Alien Property Custodian, that official vested in himself for the benefit of the United States "All right, title, interest and claim of any kind or character whatsoever" of the German legatees in and to the estate of the decedent. The Commissioner of Internal Revenue assessed an estate tax deficiency in the amount of $17,515.30 which was attributable to the denial of a charitable deduction with respect to the bequest to the German Holy Trinity Catholic Church. On May 6, 1946, the taxpayer

paid this amount, together with interest thereon of $618.80, to the Collector of Internal Revenue. It is this total payment of $18,134.10 which the taxpayer seeks to recover in this action. All of the German legatees had predeceased the decedent. The taxpayer learned of the prior deaths of Caroline Hess and Josephine Stohr on or about January 1, 1948, and of the deaths of August Jaeger and Fransiska Dehm on or about April 15, 1950. On February 8, 1951, the taxpayer filed with the Collector of Internal Revenue a claim for the refund of the $18,134.10 which had been paid as an estate tax deficiency on May 6, 1946. The claim for refund was disallowed on June 20, 1952 and this suit was subsequently commenced. On August 21, 1951, the Probate Court of Suffolk County, Massachusetts. ordered that the legacies to the Germans be paid to the German Holy Trinity Catholic Church in accordance with the provisions of Clause 29 of the will. The Attorney General, as successor to the Alien Property Custodian, appealed from the Probate Court's order but subsequently, on June 9, 1952, filed a waiver of his claim of appeal. The United States moved to dismiss this refund suit on the ground that the claim for refund had not been filed within three years after the payment of the tax in accordance with the provisions of 26 U.S.C.A. § 910.[1]

The district court held that because of the provisions of Section 36(c) of the Trading With The Enemy Act, 50 U.S.C.A.Appendix, § 36(c),[2] the three year period of limitations prescribed by

---

1. "§ 910. *Period of limitation for filing claims*

"All claims for the refunding of the tax imposed by this subchapter alleged to have been erroneously or illegally assessed or collected must be presented to the the Commissioner within three years next after the payment of such tax. The amount of the refund shall not exceed the portion of the tax paid during the three years immediately preceding the filing of the claim, or if no claim was filed, then during the three years immediately

preceding the allowance of the refund. 53 Stat. 138."

2. "(c) *Computation; suspension of limitations, etc.*

" * * * Statutes of limitations on assessment, collection, refund, or credit of Federal taxes shall be suspended, with respect to any vested property or interest, or the earnings, increment or proceeds thereof, while vested and for six months thereafter; but no interest shall be paid upon any refund with respect to any period during which the statute of limitations is so suspended."

§ 910 had been suspended during the time from the issuance of Vesting Order No. 5350 until the claim asserted thereunder was finally relinquished by the waiver of the claim of appeal in the state court proceedings on June 9, 1952, and, therefore, that the plaintiff's instant suit for a refund was timely. On the merits of the controversy, the district court held that, since the gift to the church, under the facts as they actually existed at the time of Josephine Cotter's death, was definite and absolute, the executor was entitled to a deduction of $62,500 from the decedent's gross estate under the provisions of 26 U.S.C.A. § 812(d). The latter holding of the district court has not been contested by the defendant on this appeal. The defendant only argues that the judgment should be reversed on the ground that the plaintiff's claim for a refund had not been filed with the Commissioner within three years after the payment of the tax as prescribed by § 910 of the Internal Revenue Code.

The defendant contends that the suspension of the period of limitations under the provisions of Section 36(c) of the Trading With The Enemy Act only applies to property "actually acquired" by the Alien Property Custodian and to taxes "directly accruing" on such property. It therefore concludes that Section 36(c) has no application in the instant case because the property taxed, the net estate, was not vested by the custodian.

We, however, see no justification for limiting the application of the comprehensive words "with respect to any vested property or interest" to only a refund suit in which federal taxes directly assessed on property actually acquired by the custodian are sought to be recovered. Under the provisions of the Trading With The Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq., the Alien Property Custodian has the power to vest in himself either the right, title and interest to designated property or the particular *res* itself. See Zittman v. McGrath, 1951, 341 U.S. 446, 71 S.Ct.

832, 95 L.Ed. 1096, and Zittman v. McGrath, 1951, 341 U.S. 471, 71 S.Ct. 846, 95 L.Ed. 1112, for the different consequences which result from a right, title and interest vesting order and a *res* vesting order. Section 36(c) by specifying "vested property or interest" however, makes no distinction between the two types of vesting orders. In the instant case the Alien Property Custodian vested in himself, not a particular *res*, but "all right, title, interest and claim of any kind or character whatsoever" of the designated German nationals to $62,500 in the estate of Josephine Cotter. See Markham v. Allen, 1946, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256. Under the provisions of Section 36(c) the period of limitations on a refund suit of Federal taxes with respect to that right, title, interest and claim was suspended from November 20, 1945, until six months after June 9, 1952. The plaintiff's present suit for a refund of Federal taxes is based entirely on the established fact that the right, title, interest and claim to the $62,500 which until June 9, 1952, was vested in the Alien Property Custodian, is now vested in the German Holy Trinity Catholic Church of Boston, Massachusetts. His present suit is, therefore, "with respect to" property or interest which had been vested in the Alien Property Custodian until June 9, 1952, and by the provisions of Section 36(c), the period of limitations on his suit was suspended until six months after that date. Cf. Banco Mexicano De Commercio e Industria v. Deutsche Bank, 1924, 263 U.S. 591, 44 S.Ct. 209, 68 L.Ed. 465 and De La Mettrie v. James, 1927, 272 U.S. 731, 47 S.Ct. 264, 71 L.Ed. 496.

Under the provisions of Section 36(c) interest on the refund should have been allowed only from December 9, 1952, six months after the interests of the German legatees had ceased to be vested in the custodian, and not from June 9, 1952, as allowed by the district court. This is conceded by the plaintiff.

The judgment of the district court, as hereby modified only with respect to interest, is affirmed.