**Hans TIEDEMANN, Appellant,**

v.

**Herbert P. BROWNELL, Attorney General and Successor to the Alien Property Custodian, et al., Appellees.**

**No. 12466.**

United States Court of Appeals District of Columbia Circuit.

Argued March 11, 1955.

Decided April 21, 1955.

<hr>

Mr. David Cobb, Washington, D. C., for appellant.

Mr. George B. Searls, Atty., Department of Justice, for appellees.

Before FAHY, WASHINGTON, and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

The Alien Property Custodian in 1946 vested some $30,000 in appellant's checking account in a New York bank. Appellant filed a claim with the Custodian for its return. A hearing on the claim was held before a Hearing Examiner under procedures established pursuant to the Trading with the Enemy Act.[1] He decided that though appellant was ineligible to recover under Section 9(a) of the Act because he was an "enemy" within Section 2(a), he was eligible to recover under Section 32(a), authorizing the return of vested property to one who, though a "technical" enemy, does not come within any of the classes barred by that Section from such recovery. The Examiner accordingly allowed the claim, subject to determination by the Director of the Office of Alien Property "that such return is in the interest of the United States." See Section 32(a) (5) of the Act.

The rules of procedure in effect pursuant to the Act provided that the decision of the Examiner should be the final decision of the Office of Alien Property, except that it could be reviewed on petition to the Director within 30 days after service of a copy.[2] A few days after the expiration of such 30 days in this case the Chief of the Claims Branch of the Office of Alien Property filed with the Director a petition for review, which was granted. Thereupon in due course the Director reversed the Examiner and ruled that appellant was not eligible for return of his property under Section 32.

1. 40 Stat. 411 et seq., as amended, 50 U.S. C.A.Appendix, § 1 et seq.

2. See 17 Fed.Reg. 11839, 8 CFR § 502.22 (d), § 502.23(a) (1952).

Appellant then filed his complaint in the District Court against the appellees in two counts. He appeals from the court's dismissal of Count II for failure to state a claim.[3] This count alleges that the appellee Director, in violation of rules of procedure promulgated by him under the Act, reviewed the Examiner's decision out of time; and that, accordingly, his reversal of the Examiner was invalid. Appellant prays a decree setting aside the Director's order, declaring the decision of the Examiner to be that of the Office of Alien Property, and allowing appellant's claim subject only to a determination by the Director, under Section 32(a) (5) of the Act, that return of the property is in the interest of the United States.

■ We think the District Court was without jurisdiction. As appellant concedes the action is not within Section 9(a) authorizing one claiming to be a non-enemy to sue for the return of property. The only other provision of the Act relied upon is Section 17, granting jurisdiction to the District Courts "to enforce the provisions of this Act". Appellant, in effect, seeks to overturn as invalid the Director's alleged departure from his own procedural rules, and to reinstate as the decision of the Office the Examiner's decision that appellant was eligible for return of the property subject only to a determination that its return was in the interest of the United States. We think this is not an action to enforce any of the provisions of the Act itself within the meaning of Section 17.

■ Since jurisdiction is not found in either Section 9(a) or Section 17, it is not found in the Act. And we may not search elsewhere for it, for Section 7(c) of the Act excludes any other remedy to a person having any claim to money or other property paid over to the Alien Property Custodian or seized by him. This exclusiveness of remedy in such cases is constitutional. See United

States v. Chemical Foundation, 272 U.S. 1, 11 et seq., 47 S.Ct. 1, 71 L.Ed 131; Cummings v. Deutsche Bank, 300 U.S. 115, 120–121, 57 S.Ct. 359, 81 L.Ed. 545; Pflueger v. United States, 73 App.D.C. 364, 121 F.2d 732, certiorari denied, 314 U.S. 617, 62 S.Ct. 98, 86 L.Ed. 497.

■ For these reasons the District Court was without jurisdiction. The proper procedure in this situation is to vacate the present order of the District Court insofar as it dismisses Count II of the complaint and to remand the case to the District Court with directions to dismiss that count for lack of jurisdiction.

It is so ordered.

---

3. No appeal was taken from the order of the District Court granting defendants' motion for summary judgment with respect to Count I.