Margot VON OPEL, Appellant,

v.

UEBERSEE FINANZ KORPORATION, A. G. Liestal, Switzerland, et al., Appellees.

No. 12109.

United States Court of Appeals District of Columbia Circuit.

Argued June 7, 1955.

Decided June 23, 1955.

See also, 133 F.Supp. 615.

Mr. John Harlan Amen, New York City, of the bar of the Court of Appeals of New York, *pro hac vice,* by special leave of Court, with whom Mr. Russell Hardy, Washington, D. C., was on the brief, for appellant.

Mr. Myron C. Baum, Atty., Dept. of Justice, with whom Mr. George B. Searls, Atty., Dept. of Justice, was on the brief, for appellee Herbert Brownell, Jr., Atty. Gen. of the United States.

Mr. Edward J. Ennis, New York City, with whom Mr. Clifford Forster, New York City, was on the brief, for appellee Fritz von Opel. Mr. Thurman Arnold, Washington, D. C., also entered an appearance for appellee Fritz von Opel.

Before EDGERTON, Chief Judge, and PRETTYMAN and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The appeal is from an order of the District Court denying a motion for leave to intervene as party plaintiff filed by Margot von Opel, as receiver and sequestrator of the property of Fritz von Opel. The suit in which she seeks to intervene had been brought by her husband, Fritz von Opel, against the Attorney General, successor to the Alien Property Custodian, under Section 9(a) of the Trading with the Enemy Act,[1] for recovery of property vested by the Custodian in 1942. Fritz von Opel's suit had been authorized by the Supreme Court in 1952 in Uebersee Finanz-Korporation, A. G. v. McGrath, 343 U.S. 205, 72 S.Ct. 618, 96 L.Ed. 888, in view of the Court's decision rendered the same day in Kaufman v. Societe Internationale, 343 U.S. 156, 72 S.Ct. 611, 96 L.Ed. 853.[2] Appellant's status as receiver and sequestrator of property of Fritz von Opel grew out of an order of the Supreme Court of New York for New York County, so appointing her in marital litigation there pending between the husband and wife. A judgment had been entered in that litigation providing for her support by Fritz von Opel, and thereafter he had been adjudged in default.

■ It will be seen from the foregoing, and she so concedes, that appellant does not claim an interest in the vested property itself but only an interest in Fritz von Opel's claim to the vested property. See opinion of District Court accompanying its order herein, Uebersee Finanz-Korporation, A. G. v. Brownell, 116 F.Supp. 145. If this is the correct position of the matter, her proposed intervention is not within the authorization of Section 9(a) of the Act, available only to one "claiming any interest, right, or title in any money or other property" vested by the Custodian. And if her interest is considered to be in the vested property, then clearly its nature is that of a lien barred from being litigated in a Section 9(a) suit against the Custodian. This is so because Section 9(f) provides:

> "Except as herein provided, the money or other property conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian, shall not be liable to lien, attachment, garnishment, trustee process, or execution, or subject to any order or decree of any court." 50 U.S.C.A.App. § 9(f).[3]

■ Faced with this legal dilemma appellant seeks to bring her interest into a legal area somewhere between a claim of interest in the vested property and one in the nature of a lien. What she really seeks is protection of her claim against her husband, who on his part claims valuable property in the hands of the Custodian which he seeks to recover in the main suit. Whatever legal terminology should properly be used to describe appellant's interest, Congress has made no provision for its judicial disposition in a suit under Section 9(a) or under any other provision of the Trading with the Enemy Act. Clearly it is not within Section 17 "to enforce" the provisions of the Act, or within Section 34 to review determinations by the Attorney General of claims of creditors. And litigation under the Act is limited to that which the Act itself permits. Tiedemann v. Brownell, 96 U.S.App. D.C. ——, 222 F.2d 802.[4]

Affirmed.

---

1. 40 Stat. 411, 419, as amended, 50 U.S. C.A.App. § 9(a).

2. Fritz von Opel's suit had taken the form of an intervention in the earlier suit, brought in 1944 by Uebersee Finanz-Korporation, A.G., against the Attorney General, which became known as Uebersee Finanz-Korporation, A. G. v. McGrath, supra.

3. See Berger v. Ruoff, 90 U.S.App.D.C.

276, 195 F.2d 775, certiorari denied Berger v. McGrath, 343 U.S. 950, 72 S. Ct. 1041, 96 L.Ed. 1352.

4. Furthermore, Rule 24, Fed.Rules Civ. Proc. 28 U.S.C.A., relating to intervention, must be given application consistently with the limitations placed by Congress upon litigation under the Trading with the Enemy Act.